Di Cristina, Demandante y Apelado, *v.* Porto Rico Commercial Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre rescisión de contrato y daños y perjuicios.

No. 2577.—Resuelto en julio 28, 1922.

Venta de Truck con Obligación de Repararlo Gratis—Interpretación de Contrato.—Interpretando la siguiente cláusula: "Este carro se reparará gratis dondequiera que se descomponga, y cualquier pieza defectuosa será repuesta gratis," consignada en un contrato de venta de un *truck, se resolvió:* que la promesa hecha en la primera parte es general y no está limitada por la segunda a reparaciones que se deban únicamente a defectos de fábrica.

Id.—Rescisión de Contrato—Restitución del Precio.—Vendido un *truck* con obligación de repararlo gratis, cuya obligación dejó de cumplir la vendedora es procedente la sentencia que condena a la dicha vendedora a hacerse cargo del *truck* restituyendo al comprador la suma pagada a cuenta del precio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Sifre, Jr.*

Abogados del apelado : *Sres. Benet & Souffront.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Versa este pleito sobre rescisión de contrato y daños y perjuicios.

El demandante, en septiembre de 1919, compró a la demandada un *truck,* comprometiéndose la demandada, palabras textuales del contrato, como sigue : ''Este carro se reparará gratis donde quiera que se descomponga, y cualquier pieza defectuosa será repuesta gratis.'' A mediados de diciembre de 1919 el carro sufrió desperfectos. La demandada fué notificada y no los reparó. El demandante en marzo siguiente inició este pleito. Contestó la demandada que su obligación se limitaba a hacer aquellas reparaciones necesarias por defectos de fábrica que pudiera tener el vehículo y que ese no era el caso. Fué el pleito a juicio y la corte de distrito lo falló en favor del demandante, apelando entonces la demandada para ante este tribunal.

La apelante señala en su alegato tres errores, a saber: 1, el cometido al interpretar el contrato; 2, el cometido al declarar la rescisión; y 3, el cometido al conceder los daños y perjuicios reclamados.

1. Argumentando el primer error señalado, se expresa en su alegato la apelante así:

''De la interpretación que se dé a la cláusula del contrato que adelante transcribimos, depende sin duda alguna la resolución de este litigio en favor o en contra de la apelante; parécenos que es el eje alrededor del cual giran todas las otras cuestiones planteadas en el caso y por tanto hemos de hablar primero sobre ella y tal vez con mayor amplitud.

''La cláusula en cuestión dice literalmente:

'' 'Este carro se reparará gratis donde quiera que se descomponga, y cualquier pieza defectuosa será repuesta gratis.'

''Como vemos, esta cláusula se compone de dos oraciones unidas por una conjunción copulativa, y forman así un solo párrafo.

''¿Significa la segunda cláusula una repetición modificación o limitación de la cláusula primera? ¿O una variación o diferencia?

''Creemos que pueda significar repetición y limitación porque de sus propias palabras se desprende la intención de reparar gratis e inmediatamente nos habla de la reposición de piezas defectuosas, dando a entender que la vendedora quedaba limitada a reparar el carro reponiendo aquellas piezas defectuosas en su fabricación.

''La idea expresada en la cláusula primera, se repite en palabras diferentes, que la fijan y expresan con mayor exactitud. ¿Qué es lo que la corporación se compromete a reparar? ¿Cómo es que la corporación efectuará esa reparación?

''¿Se obligó, acaso la corporación a reparar gratis el citado carro donde quiera que se descompusiera sin limitación alguna en cuanto a la naturaleza de las reparaciones?

''Parécenos absurdo mantener esta interpretación de esa cláusula, por cuanto ello equivaldría a obligar a la corporación *ad perpetuam* a reparar dicho carro, y por cualquier causa que motivara la descomposición del mismo, fuera ya un choque, el desgaste natural por el uso, y aún por el abuso, o por la negligencia del comprador, etc., etc.

''Sostener que tal ha sido la intención del vendedor, que es una corporación que se dedica a la venta de automóviles y a la que debemos suponer, por lo menos, con alguna experiencia en el mundo de los negocios y sobre todo en el negocio que explota, es simplemente acogerse al absurdo, y desconocer el espíritu que informa nuestra vida comercial.

''Por el contrario, mantener, como mantenemos que por la recta interpretación de esa cláusula, la corporación sólo se obligó a reparar el carro donde quiera que se descompusiera debido a los defectos de fábrica que pudiera tener y a reponer las piezas defectuosas que motivaron esas descomposiciones, es lo lógico, es a lo que todos los vendedores de automóviles pueden obligarse, sin que la ruina los aceche, es una cláusula general en casi todos los contratos de esta índole, y en el presente caso lo pregona la unidad de un párrafo, la declaración del propio demandante, y la opinión de autoridades que citamos al pie:

'' '2 Page, 'On Contracts,' sección 1121, página 1742.

'' '*As between two constructions, each probable, one which makes the contract fair and reasonable and other of which makes it unfair and unreasonable, the former should always be preferred.*'

"Transcribimos de 6 R. C. L. sobre 'Contratos,' sección 230, página 841:

" 'Contracts must receive a reasonable interpretation, according to the intention of the parties and the time of executing them, if that intention can be ascertain from their language. Where the language of a contract is contradictory, obscure or ambiguous, or where its meaning is doubtful, so that it is susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred. If one construction would make it unreasonable, while another would do justice to both parties, the latter will be adopted.'

"La teoría que sostenemos en cuanto a la interpretación de esta cláusula, queda demostrada también por la propia declaración del demandante, quien a la pregunta de su abogado si él (el demandante) hizo objeciones a la compra de ese carro, cuando se lo ofrecieron en venta, contestóle:

" 'No quería comprarlo porque no era un carro conocido aquí y con la duda de defectos que podía tener el carro, o cualquier cosa, no quería comprarlo, entonces ellos se comprometieron a arreglar el carro donde quiera que hubiera algún desperfecto por cuenta de la compañía.'

"(Página 3 de la transcripción de la evidencia.)

"Esto nos demuestra, que lo que había en la mente del comprador y vendedor respectivamente no era otra cosa que los defectos de que pudiera adolecer el carro inicialmente, y que al ofrecer el vendedor reparar tales desperfectos que surgieran por tal motivo, el vendedor los subsanaría sin costo alguno para el comprador.

"También corrobora nuestra contención la declaración del testigo del demandante Manuel Matteo, el que se hallaba presente cuando se efectuaba la venta. A la pregunta del abogado del demandante: '¿Qué fué lo que se trató, qué se dijo?', respondió: 'Que me pondrían todas las piezas del carro en cualquier parte que se rompiera el carro por cuenta de la casa.' "

Tal es la presentación de su caso por parte del apelante. Sus razonamientos son lógicos, pero no destruyen a nuestro juicio la conclusión a que llegó la corte sentenciadora. Es

tan claro el contrato que no es susceptible de interpretación distinta, no siendo, por tanto, aplicable la jurisprudencia invocada. "Este carro se reparará gratis donde quiera que se descomponga" es una promesa tan precisa hecha en términos tan positivos y en lenguaje tan corriente, que cualquier persona de inteligencia común resolvería sin esfuerzo mental alguno que se refería a todos los casos. Después de ella existe una coma y entonces sigue "y cualquier pieza defectuosa será repuesta gratis," nueva promesa que si bien está enlazada con la anterior y es de semejante naturaleza, tiene vida independiente por sí misma y no puede interpretarse como limitativa de la primera.

Dice la apelante que la cláusula es corriente en esta clase de contratos, pero no ha citado jurisprudencia alguna interpretativa de una cláusula igual o semejante. Examinando el contrato en su totalidad nos inclinamos a creer que no se trata de una cláusula corriente. Al final del documento figuran las condiciones aceptadas por la Asociación Nacional de Manufactureros de Automóviles y en ninguna de ellas figura una cláusula semejante. La prueba demuestra un gran interés por parte de la demandada en vender el *truck*. Era de una marca nueva que se deseaba introducir en el mercado y sólo así se concibe que la vendedora asumiese una responsabilidad tan amplia y desusada.

Además, un examen cuidadoso de la prueba demuestra que vendido el carro en septiembre de 1919 funcionó mal desde el principio. Pequeñas reparaciones fueron hechas por el propio demandante, pero finalmente se rompió una pieza que no pudo sustituirse en Mayagüez y el carro quedó enteramente fuera de servicio.

Aparecen en la transcripción copias de cartas y telegramas cruzados entre las partes. En algunos de los documentos no consta la fecha, pero enlazándolos por su contenido se llega a la conclusión de que el demandante pidió a la demandada la pieza rota y la demandada manifestó que no la

tenía, pero que la pediría por cable; que la demandada equivocó el pedido; que transcurrieron meses y no proporcionó la pieza ni dió una explicación razonable y el demandante entonces archivó su demanda en la corte de distrito.

Sostiene la demandada que no estaba obligada a proporcionar la pieza porque de acuerdo con la interpretación que da al contrato sólo lo estaba cuando los defectos eran de fábrica y aquí no se demostró tal cosa. Dejando a un lado la interpretación de hecho que la propia demandada dió al contrato al aceptar que su deber era enviar al demandante la pieza que le pedía, creemos que en la prueba hay datos para concluir que se trataba en verdad de una pieza defectuosa y por tanto que aún aceptando su propia interpretación, debe concluirse que la demandada no cumplió con lo prometido en el contrato.

El *truck* era nuevo. Sólo trabajó unos meses. Se descompuso en varias ocasiones como dejamos expuesto. El *chauffeur* Bascarán que lo manejó primero dijo que en un viaje se le habían roto dos válvulas. Luego el demandante contrató otro *chauffeur* y un día Bascarán vió que "el motor no andaba y según la explicación que me dió el *chauffeur* tenía un rosverín roto que desde entonces no lo he visto trabajar más." Y el mecánico Altiery, refiriéndose a piezas del carro que se le llevaron a reparar dijo: "que estaban malas, partidas, rotas * * * " y que el motivo de la rotura se debió "a la debilidad, a la pieza, material muy débil." Por último se refirió al rosverín y dijo que esa pieza no se arregló porque en Puerto Rico no había materiales para ello.

2. El carro fué vendido con la obligación de repararlo. El precio se fijó en tres mil dólares. El demandante llegó a pagar mil setecientos. Al quedar inservible el carro y ante la inhabilidad de la demandada para cumplir con su obligación, parece claro el derecho del demandante a pedir por lo menos que la demandada tome su carro y le devuelva el

dinero recibido a cuenta del precio. Y esto fué lo que en este extremo decretó la corte en su sentencia.

3. En cuanto a la condena de daños y perjuicios, creemos que no encuentra apoyo en la prueba el pronunciamiento de la sentencia ordenando a la demandada que pagara al demandante mil ochocientos dólares por daños y perjuicios debidos producir por la ganancia dejada de obtener por el no uso del *truck,* calculada dicha ganancia a razón de treinta dólares limpios diarios. Hemos examinado cuidadosamente la evidencia y no comprendemos cómo fundándose en ella pudo llegarse a la conclusión contenida en la sentencia.

Por virtud de todo lo expuesto opinamos que debe confirmarse la sentencia apelada con excepción de su pronunciamiento relativo a la condena de daños y perjuicios que debe revocarse.

*Revocada en parte y en parte confirmada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.